UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

UNITED STATES OF AMERICA,

        Plaintiff,

Case No. 1:03-CR-198

v.

Hon. Richard Alan Enslen

JOHN ALLEN JACKSON,

        Defendant.

**OPINION**

_____/

      This matter is before the Court to re-sentence John Allen Jackson for the offense of felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) as well as a supervised release violation.[1] Defendant was originally sentenced on the offense in 2003. He then appealed, which appeal was pending before the Sixth Circuit Court of Appeals at the time of the United States Supreme Court's January 12, 2005 decision in *United States v. Booker*, 125 S.Ct. 738 (2005), which decision fundamentally changed federal sentencing law. In March 2005, the Sixth Circuit affirmed the guideline scoring used at Jackson's sentencing, but remanded to require Defendant's re-sentencing under the advisory guideline system mandated by *Booker*.

      This Court typically conducts re-sentencing hearings in the presence of criminal defendants consistent with Federal Rule of Criminal Procedure 43. However, in this case, Defendant has expressly waived his personal appearance at re-sentencing.[2] (Dkt. No. 22.) Upon such waiver, this

---

[1]Defendant's supervised release sentence was not controversial in that the violation term was imposed concurrent with the § 992(g)(1) sentence. The supervised release sentence was also not appealed.

[2]Some criminal defendants prefer to do this because their transportation back to the Western District disrupts their prison job assignments and other prison programming.

Court issued a written briefing order on June 17, 2005. (Dkt. No. 23.) In response, the Court has received from defense counsel a Re-Sentencing Memorandum, including attachments (which Memorandum requests a reduced prison sentence and greater post-imprisonment supervision). The Court also has received a defense Supplement, which documents confirm Defendant's recent marriage to his girlfriend, Christine Marie Mesna.[3]

After *Booker*, sentencing is now a tripartite process. First, the Court must make an honest calculation of the guideline range given the dictates of the United States Sentencing Commission Guideline Manual. This has already been determined. The pertinent guideline range is 92 to 115 months (based on a total offense level of 23 and a criminal history category of VI). Then, the Court must determine whether any departure from the guideline range is due under section 5K2.0 or any other departure section which permits non-specific guideline departures. For the record, the Court has considered whether any departure is due under sections 5K2.0 and 4A1.3 and finds that no departure is warranted on the circumstances of this case. Finally, the Court must proceed to sentence a criminal defendant under 18 U.S.C. § 3553(a) in light of the advisory guideline range.

Under *Booker*, this Court "while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing." *Booker*, 125 S. Ct. 738, 767 (2005) (Breyer, J.). The Supreme Court held that the factors given in 18 U.S.C. § 3553(a) must be reviewed in determining a reasonable sentence. *Id* at 765-66. Therefore, this Court will determine a reasonable sentence for Defendant based on the statutory considerations outlined in § 3553(a), together with the pertinent Guideline language.

---

[3]The Court congratulates Defendant on his recent marriage and is hopeful, though not confident, that the marriage will assist Defendant in a law-abiding life.

2

Section 3553 requires the court to impose a sentence that considers the history and characteristics of the defendant, reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense. The court must also craft a sentence that affords adequate deterrence to future criminal conduct. Finally, the court should consider the kinds of sentence and the sentencing range established for this particular offense, any pertinent policy considerations, and, in particular, the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

In this case, the most pertinent factor is Defendant's criminal history. He has a well-earned criminal history category score of category VI. Among the convictions are multiple convictions for armed robbery and counterfeiting. The history is related to Defendant's long-terms problems involving both drug dependency and mental health issues. On the positive side, Defendant readily admitted his guilt and has attempted to rehabilitate himself by prison programming and by his recent marriage. While Defendant's improvements are laudable, the Court is hopeful that Defendant's recent marriage will (upon his release) provide him a degree of stability and purpose that have been absent from his life. It is difficult, though, to translate those hopes into a reliable predictor of future behavior, particularly since the fulfillment of the marriage must await the service of the prison sentence. Further, the facts of this case, which indicate that Defendant committed a firearm offense while on supervision, together with his violent criminal history, history of substance abuse, and mental health history, strongly suggest that there is both a strong need to deter Defendant and see to his prolonged rehabilitation for the protection of the public.

Upon reflection of all of these factors, the Court finds that the sentence previously imposed (108 months) is the most appropriate sentence for Defendant.

Therefore, a Judgment of Sentence shall enter reimposing the same sentence and terms previously imposed.

| | |
|---|---|
| Dated in Kalamazoo, MI:<br>August 10, 2005 |   /s/Richard Alan Enslen<br>Richard Alan Enslen<br>United States District Judge |